# NATIONAL REGISTERED AGENTS, INC.
## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: BETH THOMAS
ADVANCE AUTO PARTS, INC.
5008 Airport Rd NW
Roanoke, VA 24012-1601

SOP Transmittal # 535356410

800-592-9023 - Telephone

Entity Served: ADVANCE STORES COMPANY, INCORPORATED (Domestic State: VIRGINIA)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of CONNECTICUT on this 24 day of April, 2019. The following is a summary of the document(s) received:

1. **Title of Action:** Felix Rios, Pltf. vs. ADVANCE STORES COMPANY, INC., Dft.
2. **Document(s) Served:** Other: Summons, Complaint, Prayer, Attachment
3. **Court of Jurisdiction/Case Number:** Hartford at Hartford Superior Court Judicial District, CT
   Case # 1940187
4. **Amount Claimed, if any:** N/A
5. **Method of Service:**

   _X_ Personally served by:   _X_ Process Server   ___ Law Enforcement   ___ Deputy Sheriff   ___ U.S Marshall
   ___ Delivered Via:   ___ Certified Mail   ___ Regular Mail   ___ Facsimile
   ___ Other (Explain):

6. **Date and Time of Receipt:** 04/24/2019 01:08:00 PM CST
7. **Appearance/Answer Date:** On or before the second day after the return date 05/14/2019
8. **Received From:** Andrew B.F. Carnabuci
   Cicchiello & Cicchiello LLP
   364 Franklin Avenue
   Hartford, CT 06114
   860-296-3457
9. **Carrier Airbill #** 1ZY041160195569419
10. **Call Made to:** Not required
11. **Special Comments:**
SOP Papers with Transmittal, via UPS Next Day Air

Image SOP

Email Notification, BETH THOMAS BTHOMAS@ADVANCEAUTOPARTS.COM

**NATIONAL REGISTERED AGENTS, INC.**           CopiesTo:

Transmitted by Amy McLaren

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

# SUMMONS - CIVIL

JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

See other side for instructions

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [x] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- [ ] "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington St., Hartford, CT 06106 | (860) 548-2700 | May 14, 2019 |

| [x] Judicial District  [ ] Housing Session | [ ] G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) Hartford | Case type code (See list on page 2) Major: M  Minor: 90 |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Andrew B. F. Carnabuci, Esq., Cicchiello & Cicchiello, LLP, 364 Franklin Ave., Hartford, CT 06114 | 419987 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| (860) 296-3457 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. [x] Yes [ ] No

Email address for delivery of papers under Section 10-13 (if agreed to): ACarnabuci@cicchielloesq.com

Number of Plaintiffs: 1    Number of Defendants: 1    [ ] Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Rios, Felix  Address: 12 Willard Street, Apt. 312, Hartford, CT 06105 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: Advance Stores Company, Inc. - 300 Shaker Road, Enfield, CT 06082  Address: Agent for Service: National Registered Agents, Inc., 67 Burnside Ave., East Hartford, CT 06108 | D-01 |
| Additional Defendant | Name:  Address: | D-02 |
| Additional Defendant | Name:  Address: | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | [x] Commissioner of the Superior Court  [ ] Assistant Clerk | Name of Person Signing at Left Andrew B. F. Carnabuci, Esq. | Date signed 4/18/19 |

If this Summons is signed by a Clerk:

a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only

A TRUE COPY ATTEST:
KURT KAVANAUGH
Connecticut State Marshal - Hartford County

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |

(Page 1 of 2)

| RETURN DATE: MAY 14, 2019 | : | SUPERIOR COURT |
| --- | --- | --- |
| FELIX RIOS | : | J.D. OF HARTFORD |
| V. | : | AT HARTFORD |
| ADVANCE STORES COMPANY, INC. | : | APRIL 15, 2019 |

## COMPLAINT

**COUNT ONE:** Disability Discrimination in Violation of Conn. Gen. Stat. § 46a-60(b)(1)

1. The Plaintiff, Felix Rios (hereinafter referred to as "the Plaintiff"), was at all times set forth herein, and remains, a resident of the City of Hartford in the State of Connecticut.

2. The Defendant, Advance Stores Company, Inc. (hereinafter referred to as "the Defendant"), is a foreign corporation, organized under the laws of the state of Virginia, headquartered at 5008 Airport Road, Roanoke, VA 24012, with a location at 300 Shaker Road, Enfield, CT 06082.

3. Plaintiff filed an administrative complaint with the Connecticut Commission on Human Rights and Opportunities on or about November 28, 2018. Plaintiff received a Release of Jurisdiction letter dated April 9, 2019. Having exhausted his administrative remedies, Plaintiff filed this suit. This complaint is brought within ninety (90) days of said Release of Jurisdiction letter, which is attached hereto as **Exhibit A**.

4. On or about July 26, 2016, the Plaintiff began working for the Defendant as a warehouse clerk.

5. Plaintiff's job duties included operating fork lifts and moving packages through shipping and receiving.

1

6. On or about March 21, 2018, the Plaintiff was involved in car accident in which he suffered severe injuries.

7. As a result of said injuries, the Plaintiff's doctor took Plaintiff out of work for eight weeks.

8. The Plaintiff contacted the Defendant's Human Resources representative about his absence. The representative informed the Plaintiff that the Defendant would fill out and file FMLA paperwork on behalf of the Plaintiff.

9. In addition, the Plaintiff requested his own FMLA paperwork, and gave said paperwork to his doctor.

10. In or about early April, 2018, the Plaintiff's FMLA paperwork was submitted to the Defendant via facsimile.

11. In or about early April, 2018, the Plaintiff was informed by the Defendant that he could not return to work unless he was fully cleared to work with no work restrictions.

12. Upon re-evaluation by the Plaintiff's doctor on or about April 9, 2018, the Plaintiff was placed on a light duty restriction of no lifting over 10 pounds.

13. Upon re-evaluation by the complainant's doctor on or about April 26, 2018, the Plaintiff's light duty restrictions of no lifting over 10 pounds was renewed and extended.

14. Upon re-evaluation by the complainant's doctor on or about May 29, 2018, the Plaintiff's light duty restriction was renewed but reduced to no lifting over 20 pounds.

15. Upon re-evaluation by the complainant's doctor on or about May 30, 2018, the Plaintiff's light duty restriction was renewed and increased to no lifting over 10 pounds.

16. On or about June 5, 2018, the Plaintiff was informed by the Defendant via letter that the Plaintiff had not submitted documentation of his capacity to work full duty.

17. The Defendant's letter also stated that if no documentation was received by June 19, 2018, the Defendant would terminate the Plaintiff's employment, effective June 20, 2018.

18. The Plaintiff responded that his doctor had regularly faxed all doctor's notes containing information about his condition and restrictions to the Defendant.

19. In or about September, 2018, the Plaintiff was informed via letter by the Defendant's insurance carrier that the Plaintiff had been terminated by the Defendant, effective June 20, 2018.

20. At all relevant times herein, Plaintiff was qualified for his position.

21. At all relevant times herein, Plaintiff was capable of performing the essential functions of his position with or without a reasonable accommodation.

22. Any and all reasons for termination provided by the Defendant are pretext to mask its unlawful conduct.

23. The Plaintiff was discriminated against, treated unequally, and ultimately wrongfully terminated because of his medical disability.

24. The foregoing conduct of the Defendant constitutes disability discrimination and wrongful termination in violation of the CFEPA.

25. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff was denied the opportunity of gainful employment. As such, the Plaintiff has suffered a substantial loss of income and other employment benefits and will continue to suffer the loss of same all to his loss and detriment.

26. As a further result of the foregoing unlawful conduct, the Plaintiff has incurred attorney's fees and costs in order to obtain the right to which he is entitled.

27. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**COUNT TWO:** Failure to Accommodate in Violation of Conn. Gen. Stat. § 46a-60(b)(1)

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 21 above as Paragraphs 1 through 21 of this Second Count as if fully set forth herein.

22. The Defendant refused to engage with Plaintiff to determine whether it could provide him with a reasonable accommodation and ultimately failed to provide him with a reasonable accommodation, although such an accommodation would not have been an undue hardship for Defendant.

23. The foregoing conduct of the Defendant constitutes failure to accommodate in violation of the CFEPA.

24. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff was denied the opportunity of gainful employment. As such, the Plaintiff has suffered a substantial loss of income and other employment benefits and will continue to suffer the loss of same all to his loss and detriment.

25. As a further result of the foregoing unlawful conduct, the Plaintiff has incurred attorney's fees and costs in order to obtain the right to which he is entitled.

26. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**COUNT THREE:** Retaliation Pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2612 *et seq.*

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 21 above as Paragraphs 1 through 21 of this Third Count as if fully set forth herein.

22. The Defendant was an employer within the meaning of the FMLA.

23. The Plaintiff was an employee within the meaning of the FMLA.

24. The Plaintiff was retaliated against for exercising or attempting to exercise his rights under the FMLA in that his employment was terminated due to his use or attempted use of FMLA leave.

25. As a result of the Defendant's retaliation against the Plaintiff for exercising and/or attempting to exercise his FMLA rights, the Plaintiff has suffered a substantial loss of income, health benefits, and other consequential damages, and will continue to suffer the loss of same all to his loss and detriment.

26. As a further result of the foregoing unlawful conduct of the defendant, the Plaintiff has incurred, or will incur, attorney's fees and costs.

THE PLAINTIFF,
FELIX RIOS

By: _____
Andrew B. F. Carnabuci, Esq.
CICCHIELLO & CICCHIELLO LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris #: 419987
Email: ACarnabuci@cicchielloesq.com

A TRUE COPY ATTEST:
KURT P. CAVANAUGH
Connecticut State Marshal - Hartford County

5

| RETURN DATE: MAY 14, 2019 | : | SUPERIOR COURT |
| --- | --- | --- |
| | : | |
| FELIX RIOS | : | J.D. OF HARTFORD |
| | : | |
| V. | : | AT HARTFORD |
| | : | |
| ADVANCE STORES COMPANY, INC. | : | APRIL 15, 2019 |

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

1. Money damages;

2. Reinstatement or front pay;

3. Reasonable attorney's fees and costs;

4. Liquidated damages pursuant to 29 U.S. C. 2617(a)(10)(A)(iii); and

5. Such other relief as is allowable by law.

THE PLAINTIFF,
FELIX RIOS

By: _____
Andrew B. F. Carnabuci, Esq.
CICCHIELLO & CICCHIELLO LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris #: 419987
Email: ACarnabuci@cicchielloesq.com

A TRUE COPY ATTEST:
KURT P. CAVANAUGH
Connecticut State Marshal - Hartford County

6

| RETURN DATE: MAY 14, 2019 | : | SUPERIOR COURT |
| --- | --- | --- |
| | : | |
| FELIX RIOS | : | J.D. OF HARTFORD |
| | : | |
| V. | : | AT HARTFORD |
| | : | |
| ADVANCE STORES COMPANY, INC. | : | APRIL 15, 2019 |

## STATEMENT OF AMOUNT IN DEMAND

The amount of demand in this matter exceeds $15,000.00.

THE PLAINTIFF,
FELIX RIOS

By: _____
Andrew B. F. Carnabuci, Esq.
CICCHIELLO & CICCHIELLO LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris #: 419987
Email: ACarnabuci@cicchielloesq.com



A TRUE COPY ATTEST:
KURT P. CAVANAUGH
Connecticut State Marshal - Hartford County

7

# **EXHIBIT A**

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

<u>Felix Rios</u>
**COMPLAINANT**

CHRO No. 1940187
vs.
EEOC No. 16A201900343

<u>Advanced Stores Company, Inc.</u>
**RESPONDENT**

## **RELEASE OF JURISDICTION**

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at <u>ROJ@ct.gov</u> or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

DATE: <u>April 9, 2019</u>

*Tanya A. Hughes*
Tanya A. Hughes, Executive Director

cc: Complainant: Felix Rios, 12 Willard Street, Apt. 312, Hartford, CT 06105
    Complainant's Attorney: Patrick C. Roy: <u>patrickr@cicchielloesq.com</u>
    Respondent: n/a
    Respondent's Attorney: Holly L. Cini: <u>holl.cini@jacksonlewis.com</u>
    Case File